IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES ORTIZ, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. CIV-06-22-L |
| | ) |
| ERIC FRANKLIN, Warden,[1] | ) |
| | ) |
| Respondent. | ) |

**REPORT AND RECOMMENDATION**

Petitioner, a state prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). In accordance with Rule 4, Rules Governing Section 2254 Cases, the petition has been promptly examined and the undersigned recommends summary dismissal of this action.

Petitioner is attempting to challenge his October 25, 2002, conviction of first degree rape for which he was sentenced to seventeen years imprisonment. Pittsburg County District Court, Case No. F-2001-598. Petitioner raises three grounds for habeas relief: (1) the trial court erred in overruling Petitioner's motion for directed verdict; (2) the trial court abused its discretion in refusing to allow cross-examination of a State's witness; and (3) there was insufficient evidence to support his conviction.

---

[1]Petitioner also listed the Attorney General of the State of Oklahoma as a respondent. However, where the applicant is presently in custody pursuant to the state judgment in question, the state officer having custody of the applicant is the properly named respondent. Rule 2, Rules Governing Section 2254 Cases in the United States District Courts. Therefore, the Attorney General should be dismissed.

The undersigned initially notes that the conviction Petitioner is challenging arises out of the state district court of Pittsburg County, Oklahoma, which is located within the United States judicial district for the Eastern District of Oklahoma.  28 U.S.C. § 116(b). He is currently incarcerated at the James Crabtree Correctional Center at Helena, Oklahoma, which is located in the United States judicial district for the Western District of Oklahoma. 28 U.S.C. § 116(c).  Under these circumstances, both federal district courts have jurisdiction to entertain Petitioner's habeas corpus petition.  28 U.S.C. § 2241(d).[2] Pursuant to § 2244(d), the district court for the district in which a habeas petition is filed, may, in the exercise of its discretion and in furtherance of justice, transfer the petition to the other district court for hearing and determination.

Normally, under these circumstances the undersigned would recommended that the matter be transferred to the United States District Court for the Eastern District of Oklahoma, the district where the conviction was obtained.[3]  However, the undersigned recommends that this action be dismissed rather than transferred, as Petitioner's challenge to his conviction in Case No.  F-2001-598 appears to be untimely under 28 U.S.C. §2244(d)(1).

---

[2]Under 28 U.S.C. §2241(d):
where an application for a writ of habeas corpus is made ... [in] a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

[3]This longstanding policy has been put in place because justice is normally better served by an adjudication of the case in the district where the conviction was obtained, since that is where the trial court officials and records are located, where trial counsel for the prosecution and for the petitioner are ostensibly available and where any necessary witnesses usually reside in the event an evidentiary hearing is necessary.

The AEDPA[4] requires a state prisoner whose conviction has become final to seek federal habeas corpus relief within one year. 28 U.S.C. § 2244(d)(1)(A). The one-year period is tolled for the "time during which a properly filed application for State post-conviction or other collateral review . . . is pending." § 2244(d)(2). Petitioner acknowledges that he appealed his conviction in Case No. F-2001-598 to the Oklahoma Court of Criminal Appeals (OCCA), and that the OCCA affirmed his conviction. Petition at 2 (unpaginated) (citing Case No. F-2002-248). The undersigned takes judicial notice of official state court records which show that the OCCA entered its decision affirming Petitioner's conviction on August 26, 2003.[5] Petitioner's conviction became "final" for purposes of determining the one-year limitation period under 28 U.S.C. § 2244(d)(1)(A) ninety days later, on November 24, 2003, when the time for Petitioner to seek certiorari review in the United States Supreme Court expired. *Locke v. Saffle*, 237 F.3d 1269, 1272 (10th Cir. 2001). Petitioner states that he sought post-conviction relief, Petition at 3, and the district court docket shows that Petitioner filed his application for post-conviction relief on July 16, 2004, after 235 days of the limitation period had run.[6] The docket record shows that Petitioner's application was denied on December 16, 2004, and although the docket record indicates that Petitioner did not perfect an appeal from that decision, he is entitled to statutory tolling for thirty days beyond the district court's

---

[4]The Antiterrorism and Effective Death Penalty Act of 1996.

[5]*See* Oklahoma State Courts Network (OSCN), *Ortiz v. State*, Case No. F-2002-248, at <http://www.oscn.net> (accessed January 19, 2006).

[6]*See* Oklahoma District Court Records, Pittsburg County District Court, *State v. Ortiz*, Case No. F-2001-598, at http://www.odcr.com/detail.php?Case=061-F+++0100598&County=061- (accessed Jan. 19, 2006).

decision, or until January 17, 2005.[7] *Williams v. Gibson*, 237 F.3d 1267, 1269 (10th Cir. 2001) ("[O]nly after the thirty-day deadline has passed without a petition in error and supporting brief could it be said that Mr. Williams' appeal was no longer 'properly filed' in the OCCA."); *see also Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir. 2000). Therefore, the one-year period resumed on January 17, 2005, and expired 130 days later, on May 27, 2005. Thus, even considering statutory tolling, the instant petition, signed by Petitioner on January 9, 2006, and filed in this Court on January 10, is untimely filed.[8]

Because the instant petition appears to be time-barred under 28 U.S.C. § 2244(d)(1)(A), it would not be in the best interest of justice to transfer the matter to the United States District Court for the Eastern District of Oklahoma. Moreover, Petitioner has not paid the filing fee, and the action has been pending here only since January 10, 2006. Under these circumstances, the undersigned recommends summary dismissal of the action without prejudice to refiling as a habeas corpus action pursuant to 28 U.S.C. § 2254 in the United States District Court for the Eastern District of Oklahoma.[9]

---

[7]Because Petitioner's last day to file a post-conviction appeal, January 15, 2005,was a Saturday, he had until the following business day, January 17, 2005, to file his appeal in the OCCA. *See* Okla. Stat. tit. 12, § 2006(A).

[8]The Pittsburg County docket shows that Petitioner filed a second post-conviction application on July 28, 2005, which the district court denied on September 6, 2005. *See* Oklahoma District Court Records, *State v. Ortiz*, Case No. F-2001-598, *supra*. The OCCA affirmed the denial of post-conviction relief on December 21, 2005. *See* OSCN, *Ortiz v. State*, Case No. PC-2005-953, at <http://www.oscn.net> (accessed January 19, 2006). However, statutory tolling is not applicable to Petitioner's second post-conviction proceeding because it was initiated after the expiration of the one-year limitation period. *Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001).

[9]The undersigned has made no analysis of whether Petitioner can show that he is entitled to equitable tolling of the one-year limitation period. *Burger v. Scott*, 317 F.3d 1133, 1141 (10th Cir. 2003) (recognizing the one-year statute of limitations is subject to equitable tolling but only in rare and exceptional circumstances). However, that is an issue Petitioner may present to the Eastern District should he decide to refile his habeas petition in that court.

**RECOMMENDATION**

For the reasons discussed herein, it is the recommendation of the undersigned Magistrate Judge that the petition be dismissed. Petitioner is advised of his right to object to this Report and Recommendation by the 9th day of February, 2006, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1, by filing any objections with the Clerk of the District Court. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the Magistrate Judge in this matter.

ENTERED this 20th day of January, 2006.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE